**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CELESTINO FLOREZ POTES,
     Petitioner,

                                Civil Case No. 8:23-cv-791-KKM-JSS

v.                                 Crim. Case No. 8:21-cr-258-KKM-JSS

UNITED STATES OF AMERICA,
     Respondent.
_____

## ORDER

     Celestino Florez Potes moves under 28 U.S.C. § 2255 to vacate his conviction and 108-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. (Civ. Doc. 1.)

     Potes presents two grounds for relief. In Ground One, he claims that counsel rendered ineffective assistance by promising him a shorter sentence. (*Id*. at 4–5.) In Ground Two, Potes claims that counsel rendered ineffective assistance by not appealing. (*Id*. at 5–6.) Specifically, he alleges that he gave counsel a "direct order" to appeal his conviction and sentence, however, counsel "refused." (*Id*. at 5.) In a sworn statement, counsel refutes the claim that he refused Potes's direct order to file an appeal. (Civ. Doc. 6-1.)

     "'[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. __,

__, 139 S. Ct. 738, 747, 203 L. Ed. 2d 77 (2019) (reaffirming and quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)).

The United States "concedes that an evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Potes either expressly directed his counsel to appeal or reasonably demonstrated an interest in appealing such that he would have appealed after adequate consultation." (Civ. Doc. 6 at 3.) Therefore, the United States "submits that the interests of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Potes would be afforded an out-of-time appeal pursued by appointed counsel." (*Id*. at 4–5.)

The incompatibility of Potes's claim that counsel refused to appeal and counsel's sworn statement refuting the claim creates a factual dispute that necessitates an evidentiary hearing. *See Hurtado v. United States*, 808 F. App'x 798, 803 (11th Cir. 2020) (remanding for an evidentiary hearing when "[petitioner's] allegations conflict with the statements contained in the lawyer's affidavit") (citing *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979)). "Affidavits alone . . . cannot resolve contested fact issues in § 2255 cases." *Hurtado*, 808 F. App'x at 801.

To conduct an evidentiary hearing, an incarcerated petitioner must be brought before the Court at considerable expense to the United States Marshal, to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, to former defense counsel, and to the judiciary, all of whom operate under overstretched resources and congested caseloads. Although I am loathe to set a precedent that might reward manipulations by defendants to achieve unwarranted out-of-time appeals, I

appreciate the resource drain and the position of the United States.  Therefore, the interest of judicial economy is best served by granting the § 2255 motion but only to the extent that Potes will be afforded an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Accordingly, Potes's § 2255 motion (Civ. Doc. 1) to vacate, set aside, or correct his sentence is **GRANTED IN PART** as to the claim in Ground Two that counsel failed to appeal. Potes's remaining claim in Ground One that his counsel rendered ineffective assistant by promising him a shorter sentence is **DISMISSED WITHOUT PREJUDICE**. *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Court will enter an order in the criminal action vacating the judgment and appointing counsel and then enter a new judgment with an identical sentence.

The Clerk is directed to enter a judgment in this civil action for Potes on Ground Two and to **CLOSE** this case.

DONE AND ORDERED in Tampa, Florida, October 19, 2023.

Kathryn Kimball Mizelle
United States District Judge